IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| LAI LAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 1:23-cv-333 (IDD) |
| | ) |
| BIN KE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Summary Judgment ("Motion") as to Counts I and III-V of the Complaint [Dkt. No. 47], and Defendant's Cross-Motion for Summary Judgment ("Cross-Motion") as to all of Plaintiff's claims. For the reasons set forth below, both the Motion and the Cross-Motion are **DENIED.**

**I.   STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 56(a), a party may move the court for summary judgment as to any claim or defense, and the court shall grant the motion and enter judgment as a matter of law where the moving party has demonstrated that "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). A dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1985). A fact is "material" if a dispute as to that fact affects the outcome of the suit, based on the governing substantive law. *Id.* When ruling on a motion for summary judgment, the court must view the facts in the light most favorable to the nonmoving party. *Colgan Air Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275

(4th Cir. 2007). The moving party also must support its motion for summary judgment by citing to pleadings and discovery documents that show "the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The court may also consider materials not in the record. Fed. R. Civ. P. 56(c)(3).

## II.   PROCEDURAL HISTORY

On March 13, 2023, Plaintiff Lai Lau ("Plaintiff") filed a Complaint against Defendant Bin Ke ("Defendant") on five counts: (I) Conversion, (II) Fraud, (III) Breach of Fiduciary Duty, (IV) Breach of Contract and Covenant of Good Faith and Fair Dealing, and (V) Unjust Enrichment. Dkt. No. 1. Defendant filed an Answer on March 29, 2023, which blanketly denied all of Plaintiff's claims. Dkt. No. 6. On April 25, 2023, the parties filed their jointly signed Consent to the Exercise of Jurisdiction by a United States Magistrate Judge. Dkt. No. 16. On August 14, 2023, the Honorable U.S. District Judge Anthony J. Trenga ordered that this case be reassigned to the undersigned Magistrate Judge. Dkt. No. 20.

On September 6, 2023, the undersigned held a Final Pretrial Conference in this matter and ordered the parties to submit a written stipulation of uncontested facts by September 11, 2023. Dkt. Nos. 7, 40, 41. The parties filed a Statement of Undisputed Facts on September 11, 2023. Dkt. No. 44. That same day, Defendant also filed his own "Stipulation of Uncontested Facts," Dkt. No. 45, however, the Court notes that these facts, produced by Defendant, are not considered stipulated or uncontested.

On September 8, 2023, the undersigned issued a Scheduling Order that, among other things, set a summary judgment briefing schedule. Dkt. Nos. 40, 43. Pursuant to that Order, motions for summary judgment were due on October 10, 2023, response briefs were due on October 24, 2023, and any reply briefs were due on October 27, 2023. Dkt. No. 43. Plaintiff timely

filed a Motion for Summary Judgment on October 10, 2023. Dkt. No. 47. On October 20, 2023, Defendant timely filed his Opposition to Plaintiff's Motion for Summary Judgment ("Defendant's Opposition"). Dkt. No. 51. Also, on October 20, 2023, Defendant filed his own Cross-Motion for Summary Judgment. Dkt. Nos. 52. On October 30, 2023, Plaintiff submitted a Memorandum in Opposition to both Defendant's Cross Motion for Summary Judgment and Defendant's Opposition to Plaintiff's Motion for Summary Judgment ("Plaintiff's Opposition"). Dkt. No. 68. The undersigned held a hearing on the Motion and Cross-Motion on October 31, 2023. Dkt. No. 70.

In its Opposition to Defendant's Cross-Motion for Summary Judgement, Plaintiff argued that the Court should strike the Defendant's Cross-Motion because it was filed ten days after the October 10, 2023 deadline. Plaintiff also filed a Motion to Strike on November 7, 2023. Dkt. No. 73. *See* Pl.'s Opp'n. Defendant filed an Opposition to the Motion to Strike on November 13, 2023. Dkt. No. 77. The Court has a well-recognized interest in fairness and leniency toward *pro se* parties. *See, e.g.*, *Scott v. Wells Fargo Home Mortg., Inc.*, 326 F. Supp. 2d 709, 714 (E.D. Va. 2003). Though Defendant submitted his Cross-Motion ten days after the Court's deadline to file motions for summary judgement, since Defendant is *pro se* and expressed confusion about his understanding of the summary judgment briefing schedule at the October 31 hearing, and in his Opposition to the Motion to Strike, the Court accepts Defendant's Cross-Motion for consideration. *See* Dkt. No. 77. Accordingly, the undersigned denied Plaintiff's Motion to Strike on November 15, 2023. Dkt. No. 78.

On October 21, 2023, Plaintiff filed a Motion to Compel, seeking withheld documents and information from Defendant. Dkt. No. 50. The parties indicated at the October 31 hearing that the Motion to Compel does not impact their respective Motions for Summary Judgment. Dkt. No. 70.

3

### III.     UNDISPUTED FACTS

Based on a review of the pleadings and the joint stipulation filed by the parties, this Court finds that the following are the uncontested facts of this case. Plaintiff is an individual currently residing in Newton, Massachusetts. Joint Stipulation of Uncontested Facts ¶ 1. Defendant is an individual residing in Vienna, Virginia. *Id.* ¶ 2. Plaintiff, originally from Hong Kong, purchased a home in and moved to McLean, Virginia in early 2020. *Id.* ¶ 3; Compl. ¶¶ 7, 9. In or around February 2020, Plaintiff and Defendant met through mutual friends. Joint Stipulation of Uncontested Facts ¶ 4; Compl. ¶ 10. Following the first meeting, Plaintiff and Defendant started a romantic relationship. Joint Stipulation of Uncontested Facts ¶ 4. Throughout their romantic relationship, Plaintiff and Defendant communicated in Chinese and in English. *Id.* ¶ 5. Defendant maintained a "good relationship" with Plaintiff and her family members, and "[d]uring their dating period, Plaintiff and Defendant trust[ed] each other." *Id.* ¶¶ 7-9. In July 2020, the parties began to contemplate marriage. *Id.* ¶ 10-11.

In or around September 2020, in a series of five transactions,[1] a total amount of $412,663.82 was transferred from Plaintiff's Bank of America Account to Defendant's PNC mortgage account ending in 5726 (the "Bank of America Transfers"). *Id.* ¶ 13; Compl. ¶ 24. PNC Bank held a mortgage on Defendant's home located at 8146 Madrillon Court, Vienna, Virginia 22182 (the "Vienna Home"). Joint Stipulation of Uncontested Facts ¶ 14. In or around October 2020, Defendant's mortgage on the Vienna Home was satisfied in full. *Id.* ¶ 14.

---

[1] The five transactions are:
- $99,999.99 by Check No. 5001
- $99,999.90 by Check No. 5002
- $99,999.95 by Check No. 5003
- $99,999.98 by Check No. 5004
- $12,644.00 by Check No. 5005

Joint Stipulation of Uncontested Facts ¶ 13; Compl. ¶ 24.

On or around January 9, 2021, Plaintiff relocated to Boston, Massachusetts. *Id.* ¶ 17. Defendant helped Plaintiff sell her house in McLean, Virginia, which was sold in March 2021. *Id.*

### IV.     DISCUSSION

#### A. Count I – Conversion

To succeed on a conversion claim under Virginia law,[2] the plaintiff must demonstrate that the defendant wrongfully exercised or assumed authority over plaintiff's property, such that the owner is permanently deprived of possession, or "any act of dominion wrongfully exerted over property in denial of, or inconsistent with, the owner's rights." *Simmons v. Miller*, 261 Va. 561, 582 (2001). Conversion of personal property includes negotiable instruments, such as checks. *See Hartzell Fan, Inc., v. Waco, Inc.*, 256 Va. 294, 301 (1998).

A necessary material fact on a conversion claim is whether the defendant exercised dominion over the relevant property wrongfully. Neither Plaintiff nor Defendant can show a lack of genuine dispute as to whether Defendant wrongfully assumed control of Plaintiff's checks and the $412,663.82 that was transferred from Plaintiff's Bank of America account to Defendant's PNC Mortgage account. The key fact in dispute between the parties is whether Defendant authorized the transfer of the $412,663.82 without Plaintiff's permission, as Plaintiff claims, *see* Mem. in Supp. of Pl.'s Mot. for Summ. J., or whether Plaintiff authorized the transfer as a gift to Defendant, as Defendant claims. *See* Def.'s Opp'n to Pl.'s Mot. for Summ. J. It is not possible to resolve this dispute without assessing the weight and credibility of proffered evidence, a role best reserved for the finder of fact. Accordingly, the Motion for Summary Judgment is denied as to Count 1 of Plaintiff's Complaint.

---

[2] In evaluating Plaintiff's claims, this Court applies Virginia law because this Court has diversity jurisdiction and should apply the choice of law rules of the forum state. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

### B. Count II – Fraud

Though Plaintiff does not address Count II in her Motion, Defendant's Cross-Motion pertains to all of Plaintiff's claims. *See* Mot. of the Pl., Lai Lau, for Summ. J.; Def.'s Cross-Mot. for Summ. J. The elements of a fraud claim in Virginia are "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with the intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party mislead." *Winn v. Aleda Constr. Co.*, 227 Va. 304, 308 (1984). Plaintiff asserts in the Complaint that Defendant made a false representation about needing access to Plaintiff's Bank of America account to help her establish an online investment account, and that Defendant then used this access to make unauthorized transfers to his PNC mortgage account, in the amount of $412,663.82. Compl. ¶¶ 45-46. Defendant, however, maintains that Plaintiff authorized the Bank of America Transfers. *See* Def.'s Cross-Mot. for Summ. J.; Def.'s Opp'n to Pl.'s Mot. for Summ. J. The disputed fact of whether Plaintiff authorized the Bank of America Transfers is material to the fraud claim in that it goes directly toward whether Defendant made any false representation. Viewing the facts in the light most favorable to the Plaintiff, the nonmoving party on this claim, a reasonable finder of fact could find that Plaintiff did not authorize the Bank of America Transfers. *See* Pl.'s Opp'n. Accordingly, Defendant's Motion for Summary Judgment as to Count II is denied.

### C. Count III – Breach of Fiduciary Duty

Plaintiff claims that she and Defendant had an agency relationship because of Defendant's undertaking to assist Plaintiff in making investments on her behalf. Compl. ¶¶ 51-53. Plaintiff asserts that because of this agency relationship, Defendant owed Plaintiff fiduciary duties of loyalty and good faith, which he breached by transferring the $412,663.82 without her authorization. Mem. in Supp. of Pl.'s Mot. for Summ. J. Defendant argues that there was no agency

or fiduciary relationship with Plaintiff such that he owed her any fiduciary duties, because he did not have access to her financial accounts prior to September 27, 2020, however, neither Plaintiff nor Defendant have established facts to demonstrate a lack of genuine dispute as to when Defendant had access to Plaintiff's accounts. *See* Def.'s Opp'n to Pl.'s Mot. for Summ. J; Pl.'s Opp'n. Rather, the date of Defendant's access also remains a genuine disputed fact between the parties. Defendant also continues to assert that Plaintiff authorized the Bank of America Transfers. *Id.*; Def.'s Cross-Mot. for Summ. J.

Assuming, *arguendo*, that there was an agency relationship between Plaintiff and Defendant, such that Defendant owed Plaintiff fiduciary duties of good faith and loyalty, *see Horne v. Holley*, 167 Va. 234, 241 (1936), Plaintiff cannot prove that Defendant breached those duties based on the undisputed facts. On summary judgment, Plaintiff has to show a lack of dispute concerning whether Plaintiff authorized the Bank of America Transfers. As described above, there is a genuine factual dispute as to whether or not Plaintiff authorized the Bank of America Transfers. *See* Mem. in Supp. of Pl.'s Mot. for Summ. J.; Def.'s Opp'n to Pl.'s Mot. for Summ. J. Therefore, the Motion for Summary Judgment is denied as to Count III of Plaintiff's Complaint.

**D. Count IV – Breach of Contract and Covenant of Good Faith and Fair Dealing**

Under Virginia law, "every contract contains an implied covenant of good faith and fair dealing." *Frank Brunckhorst Co., LLC v. Coastal Atl., Inc.*, 542 F. Supp. 2d 452, 462 (E.D. Va. 2008) (citing *Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 251 Va. 28, 33 (1996)). Plaintiff claims that because Defendant agreed and undertook to invest funds on Plaintiff's behalf and to help Plaintiff manage her financial accounts, there was a contract between the parties. Mem. in Supp. of Pl.'s Mot. for Summ. J. Plaintiff asserts that Defendant breached this contract by breaching the implied covenant of good faith and fair dealing by transferring $412,663.82 from

7

her Bank of America account to Defendant's PNC mortgage account without her authorization. *Id.* Defendant claims that Plaintiff did not start her Bank of America brokerage account application until November 30, 2020, and that he did not have access to Plaintiff's accounts on or before September 27, 2020, so therefore, there was no contractual relationship between the parties at the time the transfers occurred. Def.'s Opp'n to Pl.'s Mot. for Summ. J. As discussed above, there is a genuine dispute as to when Defendant gained access to Plaintiff's accounts, and neither party has put forth sufficient facts to demonstrate a lack of dispute. Defendant also maintains that Plaintiff authorized the Bank of America Transfers. *Id.*

Assuming, *arguendo*, that there was such a contract, the key dispute remains whether or not Plaintiff authorized the Bank of America Transfers. *See* Mem. in Supp. of Pl.'s Mot. for Summ. J.; Def.'s Opp'n to Pl.'s Mot. for Summ. J. Viewing the facts in the light most favorable to Defendant, if Plaintiff did authorize the Bank of America Transfers as a gift to Defendant, then Defendant could not have committed a breach. *See* Def.'s Opp'n to Pl.'s Mot. for Summ. J. Conversely, viewing the facts in the light most favorable to Plaintiff, a jury could reasonably find that she did not authorize the Bank of America Transfers, and Defendant's unauthorized initiation of those transfers would constitute bad faith and a breach. Mem. in Supp. of Pl.'s Mot. for Summ. J. Accordingly, the Motion for Summary Judgment is denied as to Count IV.

### E. Count V – Unjust Enrichment

To succeed on an unjust enrichment claim under Virginia law, a plaintiff must prove the following elements: "(1) '[plaintiff] conferred a benefit on [defendant]; (2) [defendant] knew of the benefit and should reasonably have expected to repay [plaintiff]; and (3) [defendant] accepted or retained the benefit without paying for its value.'" *T. Musgrove Contr. Co. v. Young*, 298 Va. 480, 486 (2020) (alterations in original). A necessarily material element of this claim

8

requires Plaintiff to show that Defendant should have reasonably expected to pay Plaintiff back for the Bank of America Fund Transfers. A genuine factual dispute exists between the parties as to whether or not Plaintiff authorized the Bank of America Transfers as a gift to Defendant. *See* Mem. in Supp. of Pl.'s Mot. for Summ. J.; Def.'s Cross-Mot. for Summ. J.; Def.'s Opp'n to Pl.'s Mot. for Summ. J. Viewing the facts in the light most favorable to Defendant, the Bank of America Transfers were a gift from Plaintiff, and it is generally not reasonable to expect the recipient of a monetary gift to repay the amount of the gift to the donor of the gift. Def.'s Opp'n to Pl.'s Mot. for Summ. J. Conversely, a jury could reasonably find that Plaintiff did not authorize the Bank of America Transfers and that it was not intended to be a gift for Defendant, such that Defendant should have reasonably expected to repay Plaintiff the $412,663.82. *See* Mem. in Supp. of Pl.'s Mot. for Summ. J. Accordingly, whether Plaintiff authorized the Bank of America Transfers as a gift is a key material fact that remains in dispute, and summary judgment as to Count V of Plaintiff's Complaint is denied.

**CONCLUSION**

In Defendant's Opposition and Cross-Motion, Defendant also asks the Court to award fees and costs incurred while defending this lawsuit, to impose sanctions, and to order Plaintiff to pay damages for defamation and malicious prosecution, neither of which are claims that have been asserted in this lawsuit. *See* Def.'s Cross-Mot. for Summ. J.; Def.'s Opp'n to Pl.'s Mot. for Summ. J. The assertion of new claims and request for sanctions are improper on a motion for or an opposition to summary judgment. Accordingly, Defendant's Cross-Motion is denied in all other respects.

The Motion and Cross-Motion for Summary Judgement are hereby **DENIED on all counts.**

      /s/ Ivan D. Davis
Ivan D. Davis
United States Magistrate Judge

December 19, 2023
Alexandria, Virginia